UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN LUMBARD, et al.,

    Plaintiffs,

v.

CITY OF ANN ARBOR,

    Defendant.

_____/

Case No. 2:17-cv-13428

HON. STEPHEN J. MURPHY, III

## **OPINION AND ORDER GRANTING ANN ARBOR'S MOTION TO DISMISS [6]**

Plaintiffs are residents of Ann Arbor affected by a city ordinance regulating residential drainage and sewage systems. They allege that the implementation and enforcement of the ordinance violates, inter alia, their rights under the Fifth Amendment. Before the Court is Ann Arbor's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the briefs, the Court finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant the motion.

### **BACKGROUND**

After bouts of heavy rainfall, Ann Arbor's sanitary-sewer system kept overflowing. ECF 6, PgID 150. To remedy the issue, Ann Arbor passed an ordinance requiring some citizens to connect their drainage systems to Ann Arbor's storm-sewer system instead of the sanitary-sewer system. *Id.* In some cases, this change required installation of sump pits, sump pumps, and related equipment. *Id.* Plaintiffs believed the ordinance violated their rights, so they filed lawsuits in Michigan courts alleging violations of Michigan's Takings Clause. ECF 6-5, 6-6, 6-7. Ann Arbor removed one of the cases to federal

1

court. *Yu v. City of Ann* Arbor, Case No. 2:14-cv-11129, ECF 1. But the plaintiffs filed a motion to remand, which the Court granted. *Id.*, ECF 7, 12. After the remand, the Michigan trial courts dismissed the lawsuits with prejudice; Plaintiffs then appealed. ECF 6-2. The Michigan Court of Appeals consolidated the appeals, heard the case, and affirmed the dismissals. *Id.* Plaintiffs then filed the present suit in federal court seeking relief under the federal Takings Clause.

**STANDARD OF REVIEW**

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar*, Inc., 553 F.3d 1000, 1005 (6th Cir. 2009).

**DISCUSSION**

Plaintiffs allege five "causes of action": (1) violations of the Fifth Amendment; (2) 42 U.S.C. § 1983 claims for violations of the Fifth Amendment and the "right to be free from mandatory work"; (3) injunctive relief; (4) declaratory relief; and (5) attorney's fees. ECF 1. The complaint confuses the important differences between substantive rights, causes of action, and remedies. Even forgiving that technical imprecision, however,

2

Plaintiffs fail to state a claim upon which relief can be granted because their action is barred by res judicata. The Court will therefore dismiss the case.

I. Res Judicata

Generally, res judicata principles govern the relationship between separate lawsuits about the same subject matter. 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4401 (3d ed. 2017). The concept governs two subtly different scenarios: (1) the litigation of matters that have been previously litigated and decided; and (2) the litigation of matters that have not been previously litigated but should have been raised in an earlier lawsuit. The first scenario is known as issue preclusion, the second is known as claim preclusion.[1] *Id.* at § 4402. Under the doctrines, if certain conditions are met, then a plaintiff is barred from litigating particular issues or claims. The principles serve the dual purpose of protecting litigants from the burden of relitigating issues and promoting judicial economy. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). For the reasons set forth below, the Court finds that the decision in *Yu v. City of Ann Arbor* bars litigation of the issues presented here. No. 331501, 2017 WL 1927846, at *1 (Mich. Ct. App. May 9, 2017).

*A. Applicability of Res Judicata*

As a preliminary matter, the Court finds that res judicata applies. Plaintiffs contend that, pursuant to *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), they were required to litigate their Takings Clause

---

[1] As Professors Wright and Miller note in their influential treatise, the terminology has fluctuated over time—which has often led to confusion in the doctrine. Claim preclusion is sometimes called res judicata or true res judicata; issue preclusion is sometimes called collateral estoppel. 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4402 (3d ed. 2017). For clarity, the Court will use the terms issue preclusion and claim preclusion.

claims in state court before proceeding in federal court. And because of that "requirement," Plaintiffs contend that they properly proceeded in state court while preserving their federal claims in accord with *England v. Louisiana State Bd. of Med. Examiners*, 375 U.S. 411 (1964). Plaintiffs' argument is unpersuasive for several reasons.

First, Plaintiffs overstate the exhaustion requirement. Exhaustion of Takings-Clause claims is not a mandatory jurisdictional requirement but rather a waivable defense. *Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot.*, 560 U.S. 702, 729 (2010); *Lilly Investments v. City of Rochester*, 674 F. App'x 523, 531 (6th Cir. 2017). So when Ann Arbor removed the original state case to federal court, Plaintiffs did not need to litigate in state court to exhaust their Takings Clause remedies.

Second, Plaintiffs' "reservations of rights" is inoperative. Congress has ordered that state judicial proceedings shall have "full faith and credit in every court within the United States[.]" 28 U.S.C. § 1738. And the Supreme Court has made clear that federal courts "are not free to disregard 28 U.S.C. § 1738 simply to guarantee that all takings plaintiffs can have their day in federal court." *San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.*, 545 U.S. 323, 338 (2005). Consequently, an *England* reservation does not grant a plaintiff a "second bite at the apple" when, as here, a plaintiff already sought state review of the same substantive issue. *Id.* 346. As Justice Thomas later clarified, *San Remo Hotel* "dooms" a plaintiff's ability to seek review of federal claims in federal court after proceeding in state court. *Arrigoni Enters., LLC v. Town of Durham, Conn.*, 136 S. Ct. 1409, 1410 (2016) (Thomas, J. dissenting from denial of certiorari).

4

In addition to comporting with a Congressional mandate, the *San Remo Hotel* holding is consistent with the purpose of an *England* reservation. In *England*, the Supreme Court clarified that a plaintiff could reserve his federal claims if he was sent to state court under the abstention doctrine. 375 U.S. at 420–21. The Supreme Court's decision makes sense given the logistics of abstention. Generally, a federal court abstains to determine whether the resolution of a distinct state issue obviates the need to answer a federal question. *San Remo Hotel*, 545 U.S. at 339. Consequently, state litigation after abstention is usually about a state issue distinct from a plaintiff's federal claims. And the federal claims are typically not litigated because of a Court order—not a party's strategic decision. Under those circumstances, it can be unfair to let the state decision bar federal litigation of the federal claims because doing so would deprive the plaintiff of an opportunity to advance his federal claims through no fault of his own. That scenario is inapposite to the one here. The federal court did not deprive Plaintiffs of their forum of choice. Rather, Plaintiffs moved to remand the case to state court. And once in state court, Plaintiffs advanced claims that are nearly identical to the ones presented here. Consequently, applying res judicata does not unfairly deprive Plaintiffs of the opportunity to advance their claims—they had their day in court.

In sum, while the Court recognizes that applying res judicata in Takings Clause cases can result in harsh consequences, s*ee Arrigoni Enters.,* 136 S. Ct. at 1410–12 (2016), that is exactly what Congress and the Supreme Court have said the law requires. Moreover, applying res judicata in situations like the one at bar ensures federal courts are not arrogantly second-guessing the work of their state court

colleagues, returning inconsistent verdicts, and ignoring the important principles of federalism, comity, and judicial economy.

*B. Issue Preclusion*

Plaintiffs' Takings Clause claims are barred under the issue preclusion doctrine. A state-court judgment has the same preclusive effect in federal court as it would have in the state where it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Michigan law, issue preclusion applies if Ann Arbor can prove that: (1) the subject matter of the case here is the same as was previously litigated in state court; (2) the parties in both suits are the same; and (3) the judgment in state court was on the merits. *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 488 (6th Cir. 2014). The Court finds that all three prongs have been satisfied.

The subject matter of the claims are the same. In pertinent part, Plaintiffs seek relief under the Takings Clause of the Fifth Amendment of the United States Constitution. In state court, Plaintiffs sought relief under the Takings Clause of the Michigan Constitution. Although the clauses are from different constitutions, that difference does not preclude finding that the subject matter is the same. *Id.* (holding that the subject matter was the same when the only difference between the first and second actions was that the first stemmed from the Michigan Constitution and the second stemmed from the United States Constitution). That is particularly true when, as here, the clauses in each constitution are "substantially similar." *Tolksdorf v. Griffith*, 464 Mich. 1, 2 (2001).

The parties in both actions are the same. Here, Lynn Lumbard, Anita Yu, John Boyer, and Mary Raab are suing Ann Arbor. In *Yu v. City of Ann Arbor*, No. 331501,

6

2017 WL 1927846, at *1 (Mich. Ct. App. May 9, 2017), the Michigan Court of Appeals consolidated two cases brought, collectively, by the same Plaintiffs against Ann Arbor. The Michigan Court of Appeals then rendered a judgment, and that judgment bound the exact same parties present here.

The judgment in state court was on the merits. The Michigan Court of Appeals' decision thoroughly analyzed the Takings Clause issue, decided Ann Arbor was entitled to summary disposition, and affirmed the resolution of the case with prejudice. *Yu*, 2017 WL1927846, at *1. The Takings Clause analysis was necessary to the court's decision, and the time has passed for Plaintiffs to seek further review in the Michigan courts. *See* Mich. Ct. R. 7.305(C)(2). Because a resolution with prejudice "finally disposes of a party's claim and bars any future action on that claim," the Court finds that the third prong is satisfied. *With Prejudice*, Black's Law Dictionary (10th ed. 2014).

Because all three prongs are satisfied, the state court judgment bars Plaintiffs from relitigating the Takings Clause issue here. Plaintiffs consequently cannot obtain any legal relief, so a dismissal of the Takings Clause claims is proper.

*C. Claim Preclusion*

To the extent Plaintiffs are bringing an additional claim under their "right to be free from mandatory work," that too is barred but under the claim preclusion doctrine.[2] The Court again applies state law to determine the preclusive effect of a state judgment under the claim preclusion doctrine. *Southfield Educ. Ass'n*, 570 F. App'x at 489 (citing *Hapgood v. City of Warren*, 127 F.3d 490, 493–94 (6th Cir.1997)). Under Michigan law, claim preclusion applies when: (1) the original decision was on the merits; (2) an issue

---

[2] The Court assumes, arguendo, that Plaintiffs' claim is cognizable.

7

in the subsequent action should have been litigated in the original action; and (3) the parties in the subsequent action are the same as the parties in the original action. *Id.* (citing *Dart v. Dart*, 460 Mich. 573, 586 (1999)). The first and third prongs are duplicative of the analysis under issue preclusion, so those prongs are satisfied for the same reasons provided in Section I.A.

As to the second prong, whether any new issues presented here should have been litigated in the earlier state court proceedings, Michigan courts have adopted a "broad approach" meaning that "all claims arising from the same transaction that could have been raised in state court, but were not, are barred." *Id.* All claims here arise from the exact same transaction underlying the state court proceedings. And although the claims here are federal, nothing suggests Plaintiffs could not have raised the federal issues in the state court proceedings.[3] *See Migra*, 465 U.S. at 84 (holding that res judicata principles apply even when plaintiffs opt not to bring related federal claims in state court proceedings); *San Remo Hotel*, 545 U.S. at 342 (rejecting argument that plaintiffs "have a right to vindicate their federal claims in a federal forum"). Accordingly, the Court finds that the second prong is satisfied.

Because all three prongs are satisfied, the state court judgment bars Plaintiffs from raising the new federal issues presented here. Plaintiffs consequently cannot obtain any legal relief, so a dismissal of any remaining claims is proper.

---

[3] The one exception may be Plaintiffs' claim for declaratory relief because 28 U.S.C. § 2201 provides that a "court of the United States" can provide declaratory relief. But "the availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Because no remediable rights remain, the relief sought is unavailable.

8

II. Conclusion

Because Plaintiffs cannot obtain any legal relief based on the claims listed in the complaint, the Court will grant Ann Arbor's motion and dismiss the case.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Dismiss [6] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 7, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager